UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROSALIND SMITH,

    Plaintiff,

    v.

CAPITAL ONE FINANCIAL CORPORATION, et al.,

    Defendant.

_____/

No. C 11-3425 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Before the court is the motion of defendant Merrick Bank Corporation ("Merrick Bank") for an order dismissing the claims asserted against it. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion.

## BACKGROUND

    Pro se plaintiff Rosalind Smith filed this action on July 13, 2010, against seven defendants – Capital One Financial LLC ("Capital One"), Merick Bank, and HSBC Card Services, Inc. ("HSBC") (collectively referred to in the complaint as "credit card companies"); Equifax Information Services, Inc., sued as "Equifax, Inc." ("Equifax"), Experian Information Services ("Experian"), and Transunion Consumer Credit Bureau, sued as "Transunion Corp." ("Transunion") (collectively referred to in the complaint as "credit

bureaus"); and Midland Credit Management, Inc. ("Midland") (referred to in the complaint as "collection companies," "collection agencies," or "debt collector").

Plaintiff alleges that in 2005, she incurred financial obligations by use of credit cards; that on November 12, 2009, she requested validation of that debt from the defendant credit card companies; that she suspended payment on the credit card debt; that the defendant credit card companies reported that failure to make payment to the defendant credit bureaus; that she contacted the defendant credit bureaus to request further investigation; that the credit bureaus failed to respond; that the debt was subsequently "consigned" or "transferred" to the defendant collection agencies, and that the defendant credit card companies and defendant collection agencies have repeatedly harassed her (by telephone) in an effort to collect the debt. Cplt ¶¶ 8-13.

Plaintiff asserts five causes of action – (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., against HSBC, Capital One, Merick Bank, and Midland; (2) invasion of privacy by intrusion upon seclusion, against "defendants;" (3) breach of contract, against "defendants;" (4) violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., against Experian, Equifax, and Transunion; (5) negligence, against "defendants." She seeks statutory, compensatory, and punitive damages, attorney's fees, costs of suit, and "rescission of the contract,"

On December 23, 2011, Merrick Bank filed the present motion, seeking an order pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing the claims asserted against it for failure to state a claim. The claims asserted against Merrick Bank appear to the be first, second, third, and fifth causes of action.

**DISCUSSION**

A.  Legal Standard

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for

failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

All allegations of material fact are taken as true. Id. at 94. However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949-50 (2009) (courts are not bound to accept as true "a legal conclusion couched as a factual allegation"). A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 558-59. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1950.

B. Defendant's Motion

Merrick Bank argues that the entire complaint fails generally because it does not contain sufficient factual matter to state a claim that is plausible on its face, as required by Iqbal. Merrick Bank notes that while plaintiff asserts five different causes of action against seven defendants, she pleads no facts regarding any specific conduct by Merrick.

Merrick Bank also asserts that the first, second, third, and fifth causes of action fail to state a claim against it. With regard to the first cause of action (violation of the FDCPA), Merrick Bank contends that this claim fails as a matter of law because by its terms the

3

FDCPA governs "debt collectors," not "creditors" such as Merrick.

With regard to the second cause of action (invasion of privacy), the third cause of action (breach of contract), and the fifth cause of action (negligence), Merrick Bank argues that each of those causes of action fails to allege sufficient facts to state a claim. In addition, Merrick Bank contends that the breach of contract claim fails because it fails to identify any "terms" of a contract that were "breached" by Merrick, and that the fifth cause of action fails because it fails to allege that Merrick owed plaintiff a duty of care under the facts alleged, and because it is expressly preempted under the FCRA, to the extent that plaintiff challenges Merrick's providing of allegedly inaccurate or false credit information.

Plaintiff's opposition to the motion, which was due on January 6, 2012, was filed on January 17, 2012. In her opposition, which is not entirely comprehensible, plaintiff asserts that the complaint does state a claim, and that the original complaint was "directed toward overall allegations due to the sheer number of Defendants" and plaintiff's pro se status. These factors do not excuse the failure to allege claims against individual defendants. Each defendant is entitled to know what it is that it is being accused of by plaintiff.

As plaintiff acknowledges in her opposition the federal rules require that a complaint must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." Erickson, 551 U.S. at 93. Here, the court finds that the complaint must be dismissed because it does not proffer "enough facts to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 591-93. That is, it does not comply with Rule 8(a) because it does not include a statement of the claim showing that plaintiff is "entitled to relief" against Merrick Bank or against any specific defendant.

Plaintiff does not respond to Merrick's argument that the FDCPA applies only to "debt collectors," not to creditors. To be held directly liable for violation of the FDCPA, a defendant must – as a threshold requirement – fall within the Act's definition of "debt collector." Heintz v. Jenkins, 514 U.S. 291, 294 (1995); see also, e.g., Romine v. Diversified Collection Servs., 155 F.3d 1142, 1146 (9th Cir. 1998). The FDCPA defines "debt collector," in pertinent part, as "any person who uses any instrumentality of interstate

commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Hence, a "debt collector" under the FDCPA is either (1) "a person" whose business's "principal purpose" is the collection of debts (whether on behalf of himself or others); or (2) "a person" who "regularly" collects debts on behalf of others (whether or not it is the principal purpose of his business).

      The court finds that the FDCPA claim asserted against Merrick Bank must be dismissed because Merrick is not a debt collector. A credit card company is in the business of extending credit, not the business of collecting debts. The term "debt collector" does not include a creditor collecting its own debts. 15 U.S.C. § 1692a(6)(A). A creditor is "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4). The distinction between creditors and debt collectors is fundamental to the FDCPA, because the Act does not regulate creditors' activities at all. See In re Chaussee, 399 B.R. 225, 243 & n.24 (9th Cir. BAP 2008).

      With regard to the invasion of privacy claim, plaintiff states that she "admits" to a "typographical error in failure to exclude Merrick Bank from this cause of action." It appears that plaintiff concedes that she cannot state a claim for invasion of privacy against Merrick. Accordingly, the court finds that that claim must be dismissed.

      Plaintiff appears to oppose dismissal of the breach of contract claim, although it is not clear on what basis. To state a claim for breach of contract, a plaintiff must allege facts showing (1) the existence of a contract, (2) that the plaintiff performed his duties under the contract or was excused from doing so, (3) that the defendant breached the contract, and (4) that the plaintiff suffered damages as a result of that breach. First Comm'l Mortgage Co. v. Reece, 89 Cal. App. 4th 731, 745 (2001).

      Here, plaintiff has not pled facts showing the existence of a contract, has not identified the parties to any such contract, has not alleged that she performed her duties under said contract, has not stated facts showing that Merrick Bank (or any defendant

5

alleged to be a party to the contract) breached the contract, and has not alleged that she was damaged thereby.  Accordingly, the court finds that the breach of contract cause of action must be dismissed for failure to state a claim.

Finally, plaintiff does not address Merrick Bank's arguments regarding the cause of action for negligence.  To state a claim for negligence, a plaintiff must allege (1) a legal duty of care owed by the defendant to the plaintiff, (2) breach of that duty by the defendant, (3) legal and proximate causation, and (4) damages resulting from the defendant's breach. Century Surety Co. v. Crosby Ins., Inc., 124 Cal. App. 4th 116, 127 (2004).

In the complaint, plaintiff alleges that "defendants" owed her "a duty of care to properly conduct investigation of debt disputes and to cease and desist on collecting any debt until the dispute is properly resolved and to report debt as such to the Credit Bureaus." Cplt ¶ 43.  She asserts further that the defendant credit card companies "continued to ignore Plaintiff's written correspondence and attempted to collect an alleged debt in dispute." Id.  She claims that "defendants" breached their respective duties of care "by failing to disclose to in [sic] consumer credit file the true nature of the investigation and dispute." Id. at ¶ 45.

However, plaintiff has not pled any facts showing a duty of care owed by Merrick Bank (or any credit card defendant) to plaintiff, or that she sustained any damages as a result of a breach of that duty.  As a general rule, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991).  Liability can arise only when the lender "actively participates in the financed enterprise beyond the domain of the usual money lender." Id. (quotations and citations omitted).  Here, plaintiff alleges no facts showing a relationship beyond the usual one between a lender and a borrower.  Thus, she fails to plead the existence of a duty of care owed to her by Merrick Bank (or any credit card defendant).

In addition, the FCRA expressly preempts state law claims based on alleged credit

reporting activity by credit information furnishers, such as Merrick Bank. See 15 U.S.C. § 1681t(b)(1)(F) ("No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter . . . relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ."). Section 1681t(b)(1)(F) makes clear that state law challenges to conduct falling within the FCRA's scope cannot be maintained. See Roybal v. Equifax, 405 F.Supp. 2d 1117, 1181-82 (E.D. Cal. 2005). Accordingly, the negligence claim is barred, and must be dismissed with prejudice. See Buraye v. Equifax, 625 F.Supp. 2d 894, 899-901 & n.16 (C.D. Cal. 2008) (citing cases holding that FCRA preemption bars common law claims (such as negligence) based on alleged furnishing of inaccurate credit information). Accordingly, the court finds that the negligence claim must be dismissed with prejudice, because it is preempted by the FCRA.

**CONCLUSION**

In accordance with the foregoing, the court finds that Merrick Bank's motion must be GRANTED. The dismissal is with LEAVE TO AMEND, as follows.

1. The entire complaint is dismissed for failure to state a claim, because it fails to allege facts supporting each cause of action as to each defendant. Leave to amend is granted to correct that deficiency, with exceptions as stated below.

2. The first cause of action for violation of the FDCPA is dismissed as to Merrick Bank because the FDCPA does not apply to creditors. The dismissal is with prejudice.

3. The second cause of action for invasion of privacy is dismissed as to Merrick Bank, based on plaintiff's apparent intention to withdraw the claim. The dismissal is with prejudice.

4. The third cause of action for breach of contract is dismissed with leave to amend to plead facts supporting the elements of the claim.

5. The fifth cause of action for negligence is dismissed as to Merrick Bank, based on FCRA preemption. The dismissal is with prejudice.

The first amended complaint shall be filed no later than March 7, 2012. Only the breach of contract claim may be alleged as to Merrick Bank. No additional causes of action

or additional defendants may be added without leave of court.

The date for the hearing on this motion, previously set for February 8, 2012, is VACATED.

**IT IS SO ORDERED.**

Dated: January 27, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge