UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROSALIND SMITH,

      Plaintiff,

    v.

CAPITAL ONE FINANCIAL CORPORATION, et al.,

      Defendants.
_____/

No. C 11-3425 PJH

**ORDER GRANTING MOTIONS TO DISMISS**

Before the court are the motions of defendants Capital One Bank (USA), N.A. ("Capital One," sued as "Capital One Financial Corporation"), HSBC Card Services, Inc. ("HSBC," sued as "HSBC Card Services"), and Merrick Bank Corporation ("Merrick," sued as "Merrick Bank") to dismiss the claims asserted against them in the first amended complaint ("FAC"). Plaintiff Rosalyn Smith filed no opposition to the motions within the time allowed under Civil Local Rule 7-3. Having read the defendants' papers and carefully considered their arguments and the relevant legal authorities, and good cause appearing, the court hereby GRANTS the motions.

**BACKGROUND**

This is a case alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Named as defendants, in addition to Capital One, Merrick, and HSBC, are three national credit bureaus – Equifax, Inc. ("Equifax"), Experian Information Solutions, Inc.

("Experian," sued as "Experian Information Systems" and "Experian Consumer Credit Bureau"), and Trans Union LLC ("Trans Union," sued as "Transunion Corp." or "Transunion Consumer Credit Bureau") – plus Midland Credit Management, Inc. ("MCM," sued as "Midland Credit Management"), alleged to be a collection agency.

Plaintiff asserts that she incurred a debt in 2005; that in 2009 she filed notices pursuant to the FDCPA with Capital One, Merrick, and HSBC, requesting full disclosure of the nature of the financial claim; that Capital One, Merrick, and HSBC failed to respond, and then reported and false information to credit reporting agencies, without indicating that plaintiff had disputed the debts; that she contacted the credit reporting agencies to request further investigation, but received no response; that the debt was thereafter placed for collection with a collection agency; that customer service representatives from Capital One, Merrick, and HSBC made harassing and continuous phone calls, notwithstanding her request that the phone calls cease; and that on December 15, 2009, MCM contacted her in an attempt to collect the debt.

Plaintiff filed the original complaint on July 13, 2011. On December 23, 2011, Merrick filed a motion to dismiss the claims asserted against it (violation of the FDCPA, invasion of privacy, breach of contract, and negligence). On January 27, 2012, the court issued an order granting Merrick's motion, dismissing the complaint because it failed to allege facts supporting each cause of action as to each defendant, and also dismissing the four causes of action asserted against Merrick, with leave to amend the breach of contract claim only.

On April 5, 2012, plaintiff filed the FAC, alleging the same five causes of action as in the original complaint – (1) violation of the FDCPA, against Capital One, HSBC, and MCM; (2) invasion of privacy by intrusion upon seclusion, against Capital One, HSBC, and MCM; (3) breach of contract, against all defendants; (4) violation of the FCRA, against Experian, Equifax, and Transunion; and (5) negligence, against Capital One, HSBC, MCM, Experian, Equifax, and Transunion. The claims against Merrick that were ordered dismissed in the January 27, 2012 order have been eliminated from the FAC.

# DISCUSSION

## A. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.  Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

All allegations of material fact are taken as true. Id. at 94.  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (courts are not bound to accept as true "a legal conclusion couched as a factual allegation").  A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679.

## B. Defendants' Motions

### 1. Capital One and HSBC's Motions

The claims asserted against Capital One and HSBC are claims of FDCPA violations, invasion of privacy, breach of contract, and negligence.  Capital One and HSBC argue that

each of these four claims should be dismissed.

        a.     FDCPA claim

Capital One and HSBC argue that the FDCPA claim fails because they are not debt collectors under the FDCPA. To be held directly liable for violation of the FDCPA, a defendant must – as a threshold requirement – fall within the Act's definition of "debt collector." Heintz v. Jenkins, 514 U.S. 291, 294 (1995); see also, e.g., Romine v. Diversified Collection Servs., 155 F.3d 1142, 1146 (9th Cir. 1998).

The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

The court finds that the FDCPA claim asserted against Capital One and HSBC must be dismissed because no facts are pled showing that either defendant is a debt collector. In the FAC, plaintiff alleges that she is "a consumer who commenced revolving credit card accounts financing" from defendants, and that Capital One and HSBC were "in the business of consumer credit lines and loans, including the consumer credit line involved in the alleged debts tended [sic] to [p]laintiff." FAC ¶¶ 17-18. Plaintiff also alleges that Capital One and HSBC are "collection agenc[ies]" and "debt collector[s]. FAC ¶ 5; see also FAC ¶ 18 (Capital One and HSBC are "debt collector[s]").

However, a company that extends a consumer credit line (e.g., a credit card company) is in the business of extending credit, not the business of collecting debts. Notwithstanding plaintiff's allegation that the "credit card companies" are "debt collectors," it is evident from the allegations in the FAC taken as a whole that Capital One and HSBC do not meet the statutory definition.

The term "debt collector" does not include a creditor that is attempting to collect its own debts. 15 U.S.C. § 1692a(6)(A). A creditor is "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4). The distinction between creditors and debt collectors is fundamental to the FDCPA, because the Act does

4

not regulate creditors' activities at all.  See In re Chaussee, 399 B.R. 225, 243 & n.24 (9th Cir. BAP 2008).  Accordingly, because the court finds that plaintiff cannot state a FDCPA claim against Capital One or HSBC, and that further amendment would be futile, the dismissal of this claim against those two defendants is with prejudice.

    b.  Invasion of privacy claim

Capital One and HSBC assert that the second cause of action for invasion of privacy should be dismissed because plaintiff fails to allege any facts sufficient to support the claim.  An action for invasion of privacy by intrusion upon seclusion has two elements – (1) an intrusion into a private place, conversation, or matter, (2) in a manner highly offensive to a reasonable person.  Taus v. Loftus, 40 Cal. 4th 683, 725 (2007); see also Deteresa v. American Broadcasting Cos., Inc., 121 F.3d 460, 465 (9th Cir. 1997) ("One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.").  The intrusion must be intentional.  Id.  In addition, the plaintiff must have had an objectively reasonable expectation of seclusion or solitude in the place, conversation or data source." Shulman v. Group W Prods., Inc., 18 Cal. 4th 200, 232 (1998).

To determine whether conduct is "offensive" within the meaning of the law, courts consider "the degree of the intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded."  Id. (quoting Hill v. Nat'l Collegiate Athletic Ass'n, 7 Cal.4th 1, 26 (1994)).

In the FAC, plaintiff alleges that Capital One representatives contacted her "via phone 128 separate times after being informed both by written correspondence and initial verbal contact of the disputed charges and the demand of [p]laintiff to cease verbal communication and to direct all further communication in writing."  FAC ¶ 27.  Plaintiff alleges that HSBC customer service representatives "did cause [p]laintiff's cellular phone to ring 44 times before [p]laintiff changed her cellular phone number based upon the repeated

2-3 times a day calls, calls were made in early morning and then again at dinner time 6 am est - 11 pm." Id.

Allegations of a lender calling a debtor regarding payment due on a loan extended to the debtor, without more, have been found insufficient to state a claim for invasion of privacy above a speculative level. See Castellanos v. JPMorgan Chase & Co., 2009 WL 1833981 at *10 (S.D. Cal. June 23, 2009). Thus, the allegations that Capital One and HSBC merely called or attempted to call plaintiff numerous times in connection with her debt do not state a claim for invasion of privacy.

Were these two defendants debt collectors – which they are not – the allegations that they continued to call her despite the fact that she had notified them that she disputed the debt might be sufficient to state a claim under the FDCPA. See, e.g., 15 U.S.C. § 1692g(b). But, in this case, plaintiff cannot state a claim against Capital One and HSBC under the FDCPA, and the statutory provisions in section 1692g(b) are not free-standing requirements that can be used to support a common law claim for invasion of privacy.

Moreover, there are no facts pled in the FAC that raise the claim above the speculative level. Plaintiff has not alleged that the representatives of Capital One or HSBC engaged in any of the conduct that courts have recognized as actionable invasion of privacy. Plaintiff does not allege that defendants' representatives called and did not identify themselves, that they called back immediately after actually speaking to her, that they spoke to her co-workers or family members about the debt, or that they made harassing statements. See, e.g., Robinson v. Managed Accounts Receivables Corp., 654 F. Supp. 2d 1051, 1055-1056 (C.D. Cal. 2009) (finding invasion of privacy where defendant called debtor at work after being told not to call at work and spoke with debtor's co-workers); Fausto v. Credigy, 598 F.Supp. 2d 1049, 1056 (N.D. Cal. 2009) (claim for invasion of privacy adequately stated where defendant refused to identify itself, made harassing statements, and called back immediately after debtor ended call); Joseph v. J.J. Mac Intyre Cos., L.L.C., 238 F. Supp. 2d 1158, 1161, 1168 (N.D. Cal. 2002) (claim for invasion of privacy where defendant called physically disabled patient to collect on debt for which

patient was already paying on a monthly basis).

The only conduct alleged is calls made to plaintiff's phone, which is far from the conduct that courts have found "highly offensive." Moreover, Capital One and HSBC are creditors, and as such, are allowed to take reasonable steps to pursue payment. Bundren v. Superior Court, 145 Cal. App. 3d 784, 789 (1983).

The court finds that the invasion of privacy claim must be dismissed. Because the allegations against Capital One and HSBC would be applicable only to a claim under the FDCPA, and because plaintiff cannot state an FDCPA claim against those defendants because they are not debt collectors, the court finds that further amendment of this cause of action would be futile. Accordingly, the dismissal is with prejudice.

          c.       Breach of contract claim

Capital One and HSBC contend that the third cause of action for breach of contract fails because plaintiff fails to plead any facts regarding the contract at issue, and also fails to allege facts regarding conduct by Capital One or HSBC that could constitute a breach of any contractual provision agreed to by the parties.

To state a claim for breach of contract, a plaintiff must allege facts showing (1) the existence of a contract, (2) that the plaintiff performed his duties under the contract or was excused from doing so, (3) that the defendant breached the contract, and (4) that the plaintiff suffered damages as a result of that breach. First Comm'l Mortgage Co. v. Reece, 89 Cal. App. 4th 731, 745 (2001). In an action for breach of a written contract, a plaintiff must allege the specific provisions in the contract creating the obligation the defendant is said to have breached. Murphy v. Hartford Accident & Indem. Co. 177 Cal. App. 2d 539, 543 (1960); see also Francis T. v. Village Green Owners Ass'n, 42 Cal. 3d 490, 512-13 (1986).

Here, plaintiff alleges that she "entered into an open-ended consumer credit contract" with the defendant "Credit Card companies." FAC ¶ 32. She asserts that she "made an offer to commence open-ended consumer plan primarily for personal, family or household purposes which offer was accepted by [d]efendants;" and that "during the

7

normal course of" an "audit" of her business and personal finances, she noticed "[r]epeated interest rates and [f]ees discrepancies" and requested "validation and verification of any and all details related to the account and all charges." Id. However, she alleges, the "credit card companies" failed to submit any documents in response to her request for documentation of the charges. Id. She claims that due to the failure of the "credit card companies" to respond to her repeated demands, she "had no choice but to default." She asserts that this failure on the part of the "credit card companies" to provide records of an "accounting" constitutes a material breach of "the contracts in question." Id.

      The court finds that the breach of contract claim must be dismissed for failure to state a claim. As the court noted in the January 27, 2012 order, "[e]ach defendant is entitled to know what it is that it is being accused of by plaintiff." January 27, 2012 Order at 4. The breach of contract claim is asserted against several defendants, and plaintiff is required to identify the contract she entered into with each separate defendant. However, plaintiff has not pled any facts showing the existence of a specific contract, but rather has alleged only generally that she "entered into an open-ended consumer credit contract" with the defendant "Credit Card companies." This is insufficient to state a claim.

      In addition, plaintiff has not alleged facts showing the terms of any specific contract, or that she performed her duties under said specific contract. Most importantly, while she alleged that "defendants" breached "the contract," she has not alleged any facts as to any specific defendant, showing which specific term or terms of the contract that defendant breached. Her only allegation is that she demanded that the "credit card companies" provide her with certain information about the charges, fees, and late charges on her statement, and that the "credit card companies" failed to provide her with the documentation she had sought. She makes no attempt to explain how this failure to provide documentation constituted a breach of the obligations of Capital One or HSBC (or any defendant) under the "open-ended consumer credit contract" (which in any event is not specifically identified).

      In light of plaintiff's failure, following the prior dismissal, to amend the complaint so

as to state a claim for breach of contract, the court finds that further amendment would be futile. Accordingly, the dismissal is with prejudice.

### d. Negligence claim

Capital One and HSBC assert that the fifth cause of action for negligence should be dismissed because neither defendant owed plaintiff of duty of care, and also because the claim is preempted by the FCRA.

To state a claim for negligence, a plaintiff must allege (1) a legal duty of care owed by the defendant to the plaintiff, (2) breach of that duty by the defendant, (3) legal and proximate causation, and (4) damages resulting from the defendant's breach. Century Surety Co. v. Crosby Ins., Inc., 124 Cal. App. 4th 116, 127 (2004).

In the complaint, plaintiff alleges that "defendants" owed her "a duty of care to properly conduct investigation of debt disputes" and "to cease and desist on collecting any debt until the dispute is properly resolved and to report debt as such to the Credit Bureaus." FAC Cplt ¶ 43. She asserts further that "defendants" all "continued to ignore Plaintiff's written correspondence and attempted to collect an alleged debt in dispute." Id. She claims that "defendants" breached their respective duties of care "by failing to disclose to in [sic] consumer credit file the true nature of the investigation and dispute." Id. at ¶ 45.

However, plaintiff has not pled any facts showing a duty of care owed to her by Capital One or HSBC, or that she sustained any damages as a result of a breach of that duty. As a general rule, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991). Liability can arise only when the lender "actively participates in the financed enterprise beyond the domain of the usual money lender." Id. (quotations and citations omitted). Here, plaintiff alleges no facts showing a relationship beyond the usual one between a lender and a borrower. Thus, she fails to plead the existence of a duty of care owed to her by Capital One or HSBC.

In addition, the FCRA expressly preempts state law claims based on alleged credit

9

reporting activity by credit information furnishers, such as Capital One and HSBC. See 15 U.S.C. § 1681t(b)(1)(F) ("No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter . . . relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ."). This section makes clear that state law challenges to conduct falling within the FCRA's scope cannot be maintained. See Roybal v. Equifax, 405 F.Supp. 2d 1117, 1181-82 (E.D. Cal. 2005). Accordingly, the negligence claim is barred, and must be dismissed with prejudice. See Buraye v. Equifax, 625 F.Supp. 2d 894, 899-901 & n.16 (C.D. Cal. 2008) (citing cases holding that FCRA preemption bars common law claims, such as negligence, based on alleged furnishing of inaccurate credit information). Accordingly, the court finds that the negligence claim must be dismissed with prejudice, because it is preempted by the FCRA.

2.  Merrick's Motion

Merrick argues that the sole cause of action alleged against it – breach of contract – should be dismissed because plaintiff fails to plead any facts supporting the elements of the claim. The motion is GRANTED. This cause of action against Merrick was previously dismissed, with leave to amend, but plaintiff in the FAC failed to allege facts sufficient to state a claim for breach of contract, for the reasons set forth above. Accordingly, the court finds that further amendment would be futile, and the dismissal is therefore with prejudice.

**CONCLUSION**

In accordance with the foregoing, the court finds that the motions must be GRANTED.

1.  The first cause of action for violation of the FDCPA is dismissed against Capital One and HSBC because the FDCPA does not apply to creditors. The dismissal is with prejudice.

2.  The second cause of action for invasion of privacy is dismissed against Capital One and HSBC, for failure to state a claim. The dismissal is with prejudice.

3.  The third cause of action for breach of contract is dismissed against Capital One, HSBC, and Merrick, for failure to state a claim. The dismissal is with prejudice.

4. The fifth cause of action for negligence is dismissed against Capital One and HSBC, based on FCRA preemption. The dismissal is with prejudice.

5. All claims against Capital One, HSBC, and Merrick having been dismissed with prejudice, those defendants are dismissed from the case. The only defendants remaining are Equifax, Experian, Trans Union, and MCM.

The May 30, 2012 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: May 11, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge