1
2
3
4                    UNITED STATES DISTRICT COURT
5                    NORTHERN DISTRICT OF CALIFORNIA
6
7
8
ROSALIND SMITH,
9
           Plaintiff,                         No. C 11-3425 PJH
10
      v.                                      **ORDER GRANTING MOTION FOR**
11                                            **JUDGMENT ON THE PLEADINGS**
CAPITAL ONE FINANCIAL                         **IN PART AND DENYING IT IN PART**
12   CORPORATION, et al.,
13         Defendants.
                                        /
14

15         Before the court is the motion of defendant Midland Credit Management, Inc.

16   ("Midland") for judgment on the pleadings.  Plaintiff Rosalind Smith filed no opposition to

17   the motion within the time allowed under Civil Local Rule 7-3.  Having read Midland's

18   papers and carefully considered its arguments and the relevant legal authority, and good

19   cause appearing, the court hereby GRANTS the motion in part and DENIES it in part.

20         A motion for judgment on the pleadings pursuant to Rule 12(c) "challenges the legal

21   sufficiency of the opposing party's pleadings."  William Schwarzer et al, Federal Civil

22   Procedure Before Trial ¶ 9:316 (2010); Fed. R. Civ. P 12(c).  The legal standards governing

23   Rules 12(c) and 12(b)(6) are "functionally identical."  Dworkin v. Hustler Magazine, Inc., 867

24   F.2d 1188, 1192 (9th Cir. 1989), as both permit challenges directed at the legal sufficiency

25   of the parties' allegations.

26         A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims

27   alleged in the complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).

28   Review is limited to the contents of the complaint.  Allarcom Pay Television, Ltd. v. Gen.

United States District Court

For the Northern District of California

Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

All allegations of material fact are taken as true. Id. at 94.  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.  A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 558-59.

A pleading filed by a pro se plaintiff must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Pro se status, however, does not excuse a litigant from complying with the requirement of alleging facts, not conclusions, in his or her pleadings. See Brazil v. United States Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995). In the event dismissal is warranted, it is generally without prejudice, unless it is clear that the complaint cannot be saved by any amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

The background of the case is as set forth in the May 11, 2011 Order granting the motions of defendants Capital One Bank (USA), N.A., HSBC Card Services, Inc., and Merrick Bank Corporation to dismiss the claims asserted against them in the first amended complaint ("FAC").

United States District Court

For the Northern District of California

1    Plaintiff asserts four causes of action against Midland in the FAC – violation of the

2  Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.; invasion of privacy

3  by intrusion upon seclusion; breach of contract; and negligence.  Midland seeks judgment

4  on the pleadings as to each of these claims, arguing that plaintiff has failed to allege facts

5  sufficient to state a claim.

6    In the January 27, 2012 order dismissing the original complaint, the court dismissed

7  the entire complaint for failure to state a claim "because it fails to allege facts supporting

8  each cause of action as to each defendant."  January 27, 2012 Order at 7.  With certain

9  exceptions specified in the order, the dismissal was with leave to amend "to correct that

10  deficiency."

11    In the FAC, plaintiff concedes that she incurred credit card debt, and that the debt

12  was "thereafter . . . consigned, placed or otherwise transferred to Defendants Collection

13  Companies et al for collection from [p]laintiff."  FAC ¶ 10.  The court interprets the reference

14  to "Collection Companies" to be a reference to Midland.

15    The facts pled specifically against Midland are as follows:  Plaintiff asserts that the

16  customer service representatives of Midland and two credit card company defendants (now

17  dismissed from the case) "made harassing and continuous phone call[s], causing

18  [p]laintiff's cellular phone to ring from 6am to 10pm despite communications informing

19  representatives of [Midland] of the dispute and written correspondence only request [sic]."

20  FAC ¶ 11.  Plaintiff asserts further that on December 15, 2009, at approximately 7:00 a.m.

21  Eastern Standard Time, Midland contacted her "in an attempt to collect this debt from

22  [p]laintiff which was a communication in an attempt to collect a debt as that term is defined

23  by 15 U.S.C. § 1692a(2)."  FAC ¶ 12.

24    Finally, plaintiff alleges that Midland and the two credit card company defendants

25  contacted her multiple times per day, "many times one after another within 10 mins causing

26  extreme mental distress and duress, often worsening the consumer's ability to recover from

27  her wartime injuries and Traumatic Brain Injury; all in an effort to collect this debt by

28  repeatedly engaging [p]laintiff in phone calls and verbally abusing [p]laintiff was a violation

3

United States District Court

For the Northern District of California

1  of numerous and mutiple provisions of the FDCPA . . . ."  FAC ¶ 13.  She also concedes,

2  however, that Midland's customer service representatives actually called her only twelve

3  times.  FAC ¶ 27.  Nevertheless, she asserts that these calls were highly offensive because

4  the Midland representatives "cursed [her] over the phone," calling her a "dead beat" and

5  telling her she should get a job.  Id.

6       Midland first argues that the FAC does not state a claim under the FDCPA.  With

7  regard to the allegation regarding the 7:00 a.m. EST call, Midland contends that this does

8  not state a claim, as plaintiff resides in Washington State, and does not allege that she was

9  located in the Eastern time zone.  The FDCPA prohibits a debt collector from knowingly

10  calling a debtor prior to 8:00 a.m. "local time at the consumer's location."  15 U.S.C.

11  § 1692c(a)(1).  Midland contends that plaintiff has failed to allege facts sufficient to show

12  that Midland called her before 8:00 a.m. local time at her location.

13       With regard to the allegation that Midland called her 12 times, Midland argues that

14  this volume of calls is "minimal," and insufficient to state a claim under the FDCPA.  With

15  regard to the allegation that the Midland representatives "cursed" and insulted her, Midland

16  argues, essentially that plaintiff has not alleged sufficient facts to state a claim for abusive

17  conduct under the FDCPA.

18       The court finds that the motion must be DENIED as to this cause of action.  If, as

19  plaintiff alleges, Midland called her at 7:00 a.m. Eastern Standard Time, such a call was

20  made prior to 8:00 a.m., regardless of where in the United States plaintiff was located at the

21  time.  Thus, plaintiff has stated a claim for violation of the FDCPA.  In light of this ruling, the

22  court does not decide whether the remaining allegations, standing alone, would suffice to

23  state a claim under the FDCPA.

24       Second, Midland argues that plaintiff fails to state a claim for invasion of privacy,

25  because the facts alleged against it are not sufficiently egregious.  An action for invasion of

26  privacy by intrusion upon seclusion has two elements – (1) an intrusion into a private place,

27  conversation, or matter, (2) in a manner highly offensive to a reasonable person.  Taus v.

28  Loftus, 40 Cal. 4th 683, 725 (2007); see also Deteresa v. American Broadcasting Cos.,

United States District Court

For the Northern District of California

1   Inc., 121 F.3d 460, 465 (9th Cir. 1997).  The intrusion must be intentional.  Id.  In addition,

2   the plaintiff must have had an objectively reasonable expectation of seclusion or solitude in

3   the place, conversation or data source."  Shulman v. Group W Prods., Inc., 18 Cal. 4th 200,

4   232 (1998).

5        Here, because plaintiff concedes that she incurred a financial obligation, she

6   "impliedly consent[ed] for the creditor to take reasonable steps to pursue payment even

7   though it may result in actual, though not actionable, invasion of privacy."  Bundren v.

8   Superior Court, 145 Cal. App. 3d 784, 789 (1983).  "[D]ebtors' tender sensibilities are

9   protected only from oppressive, outrageous conduct."  Id.

10       While courts have, on occasion, allowed debtors to pursue claims for invasion of

11  privacy against debt collectors, such claims have been based on facts that were truly

12  egregious.  For example, in Robinson v. Managed Accounts Receivables Corp., 654

13  F.Supp. 2d 1051 (C.D. Cal. 2009), the court allowed an invasion of privacy claim to

14  proceed where the plaintiff alleged that the debt collector had repeatedly called her

15  workplace and spoke to her co-workers, even after being told not to call her at work.  See

16  id. at 1056.  In Fausto v. Credigy Servs. Corp., 598 F.Supp. 2d 1049 (N.D. Cal. 2009), the

17  court found that the plaintiffs had raised triable issues as to an invasion of privacy claim,

18  based on allegations that the debt collector's employees had made more than 90 calls to

19  the debtors' home; that the content of the calls had been harassing; and that the

20  employees had failed to identify themselves when calling, and had allowed the phone to

21  ring repeatedly and called back immediately after the debtors hung up the phone.  Id. at

22  1056.

23       Here, plaintiff alleges that the Midland representatives called her at home twelve

24  times over the period of time that Midland was attempting to collect the debt.  Courts have

25  held that repeated and continuous calls made in an attempt to collect a debt give rise to a

26  claim of intrusion upon seclusion, see, e.g., id. (and cases cited therein), but plaintiff does

27  not allege facts showing that Midland made repeated harassing phone calls that were so

28  numerous as to constitute an invasion of privacy.

1    Similarly, while she asserts that the Midland representative "cursed" or insulted her

2  on one occasion, she does not allege facts showing any repeated pattern of harassment

3  sufficient to state a claim of invasion of privacy.  Nor does she allege that Midland called

4  her at work after being told not to, or that the Midland representatives refused to identify

5  themselves.  Accordingly, the court finds that the FAC fails to state a claim of invasion of

6  privacy against Midland.

7    Third, Midland argues that plaintiff fails to state a claim for breach of contract.  To

8  state a claim for breach of contract, a plaintiff must allege facts showing (1) the existence of

9  a contract, (2) that the plaintiff performed his duties under the contract or was excused from

10  doing so, (3) that the defendant breached the contract, and (4) that the plaintiff suffered

11  damages as a result of that breach.  First Comm'l Mortgage Co. v. Reece, 89 Cal. App. 4th

12  731, 745 (2001).

13    Here, plaintiff has not pled facts showing the existence of a contract between herself

14  and Midland, has not alleged that she performed her duties under said contract, has not

15  stated facts showing that Midland breached the contract, and has not alleged that she was

16  damaged thereby. Accordingly, the court finds that the breach of contract cause of action

17  must be dismissed for failure to state a claim against Midland.

18    Fourth, Midland contends that plaintiff fails to state a claim for negligence.  To state

19  a claim for negligence, a plaintiff must allege (1) a legal duty of care owed by the defendant

20  to the plaintiff, (2) breach of that duty by the defendant, (3) legal and proximate causation,

21  and (4) damages resulting from the defendant's breach.  Century Surety Co. v. Crosby Ins.,

22  Inc., 124 Cal. App. 4th 116, 127 (2004).

23    In the FAC, plaintiff alleges that "defendants" owed her "a duty of care to properly

24  conduct investigation of debt disputes" and "to cease and desist on collecting any debt until

25  the dispute is properly resolved and to report debt as such to the Credit Bureaus."  FAC

26  ¶ 43.  She asserts further that "defendants" all "continued to ignore Plaintiff's written

27  correspondence and attempted to collect an alleged debt in dispute."  Id.  She claims that

28  "defendants" breached their respective duties of care "by failing to disclose to in [sic]

United States District Court

For the Northern District of California

1   consumer credit file the true nature of the investigation and dispute." Id. at ¶ 45.

2       Plaintiff has pled no facts showing that Midland owed a duty of care to her, or that

3   she sustained any damages as a result of a breach of that duty.  Indeed, while plaintiff

4   repeatedly refers in this cause of action to the credit card defendants (Capital One, HSBC,

5   and Merrick) by name, and to the "Consumer Credit Bureaus," she does not mention

6   Midland by name, or even by the designation "Debt Collector," anywhere in the allegations.

7   Accordingly, the court finds that the negligence cause of action fails to state a claim against

8   Midland.

9       In accordance with the foregoing, Midland's motion is GRANTED as to the causes of

10  action for invasion of privacy, breach of contract, and negligence.  In light of plaintiff's

11  failure, following the January 27, 2012 dismissal of the original complaint, to amend the

12  complaint to "allege facts supporting each cause of action as to each defendant" as

13  directed by the court, the court finds that further amendment of these three causes of action

14  would be futile.  The motion to dismiss the FDCPA claim against Midland is DENIED.

15      The August 8, 2012 hearing date is VACATED.

16

17   **IT IS SO ORDERED.**

18  Dated: August 1, 2012

19  _____
    PHYLLIS J. HAMILTON
20  United States District Judge

21

22

23

24

25

26

27

28

7